UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SMITH, | : | Case No.1:06-CV-061 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| UNITED STATES OF AMERICA, | : | <u>MEMORANDUM & ORDER</u> |
| Respondent. | : | |

Before the Court is Petitioner Scott Smith's Motion for Relief from this Court's Order to Show Cause. (Doc. 1.) For the following reasons, Smith's Motion is **<u>DENIED</u>** and his case is **<u>DISMISSED</u>**.

I.     <u>BACKGROUND</u>

On November 3, 1997 Smith was indicted for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 2113(a)(d) and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On January 12, 1998, Smith pled guilty to both counts under a negotiated plea agreement; the parties agreed to a specific sentence of 93 months incarceration. On May 7, 1998, this Court sentenced Smith to a term of 33 months on the robbery charge and 60 months on the firearm charge, to be served consecutively.

On September 15, 2005, Smith filed a motion requesting a copy of the sentencing transcript, which this Court granted.[1] On January 10, 2006, Smith filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1) On April 27, 2007, this Court issued an order for Smith to show cause why his § 2255 motion should not be dismissed as time-barred. (Doc. 6.)

---

[1] Those transcripts have never been prepared or delivered to Smith.

On May 25, 2007, Smith filed his answer to the show cause order. (Doc. 8.) Smith asserts that he is actually innocent of his conviction. (Doc. 8 at 2.) In particular, he claims that although he possessed a firearm, he did not "use" one as that term is defined in the second Count of his conviction under 18 U.S.C. § 924(c)(1). (*Id.*) Smith also asserts that his guilty plea was not knowing and voluntary because his counsel was ineffective. Specifically, he alleges that his counsel deceived him into believing that his co-defendant, William Luther, intended to testify against him and, relying on this falsehood, Smith entered a guilty plea. Smith claims that newly discovered evidence – an affidavit by Luther in which he states that he never intended to testify against Smith – preserves his ineffective assistance of counsel claim notwithstanding his failure to comply with § 2255's prescribed time-limit, because he exercised due diligence in pursuit of the claim.

## II. ANALYSIS

### A. Smith is Not Actually Innocent Under 18 U.S.C. § 924(c)(1)

Smith's claim of actual innocence must fail for the straightforward reason that he admits to violating § 924(c)(1), the statute under which he was convicted. Smith asserts that he is actually innocent of using a firearm because he "only had a handgun in a zipped bag on the floor of the car he was in." (Doc 8 at 3.) The problem for Smith is that § 924(c)(1) criminalizes using or carrying a firearm during the commission of a crime of violence. Indeed, a unanimous Supreme Court noted that even a hidden gun would support a conviction under § 924(c)(1). *Bailey v. United States*, 516 U.S. 137, 146 (1995) ("[A] firearm can be carried without being used, e. g., when an offender keeps a gun hidden in his clothing throughout a drug transaction."); *see also See United States v. Riascos-Suarez*, 73 F.3d 616, 623 (6th Cir. 1996) ("[F]or a defendant to be convicted of carrying a gun in violation of section 924(c)(1), the firearm must be immediately available for use – on the

defendant or within his or her reach.").[2] As Smith concedes that he "had a handgun in a zipped bag on the floor of the car he was in," it is clear that he "carried" a gun in violation of § 924(c)(1). He is not, consequently, actually innocent of violating this statute.

### B. Smith's Ineffective Assistance of Counsel Claim is Time-Barred

Pursuant to 28 U.S.C. § 2255(f), there is a one-year period of limitation for filing habeas corpus petitions. That section provides:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of diligence.

28 U.S.C. § 2255. As the Court found in its Show Cause Order (Doc. 6), Smith's § 2255 petition is clearly time-barred under sub-section (f)(1) because it was filed almost eight years after his conviction became final. Smith claims that his petition is timely under sub-sections (f)(2) and (f)(4), however.

---

[2] To be precise, former 18 U.S.C. § 924(c)(1), the statute under which Smith was convicted, criminalized using or carrying a firearm. *See United States v. Pagan-Ortega*, 372 F.3d 22, 30 (1st Cir. 2004) ("[T]he relevant portion of 18 U.S.C. § 924(c) has been amended - in direct response to *Bailey* - to include mere possession.").

### 1. Section 2255(f)(2) Is Not Applicable

First, Smith invokes § 2255(f)(2) – *i.e.*, that the government erected an impediment to his petition. He claims that the government prevented him from "coming into contact or communicating with Luther until they entered the Ohio DRC where in 2005 they were placed in the same institution and the whole plea/testimony situation could be discussed an affidavit made . . . ." (Doc. 8 at 4.) Smith also contends that the government's refusal to provide him with transcripts of his plea hearing when he requested them in 2005 "shows an ongoing impediment." (*Id.*)

These arguments fail. Smith is essentially arguing that the impediment was the government's failure to house Smith and Luther in the same facility. He does not allege that the government prevented him from corresponding with Luther by letter or otherwise inquiring into the facts surrounding "the whole plea/testimony situation," as he describes it. Second, Smith did not request his transcripts until 2005, seven years after his guilty plea. He does not allege that the government impeded his access to the transcripts during the one-year statutory time period. Accordingly, Smith is not entitled to the benefit of § 2255(f)(2).

### 2. Section 2255(f)(4) Is Not Applicable

Second, Smith argues that § 2255(f)(4) is the applicable trigger for the one-year statute of limitations. He contends that he was not aware of the facts supporting his ineffective assistance of counsel claim until he spoke to Luther in 2005 and Luther told him he never intended to testify against Smith. He characterizes this as "newly discovered evidence" which was unavailable to him until he reunited with Luther in prison in 2005. As required by the statute, Smith claims that he exercised due diligence in discovering these facts.[3]

---

[3] Smith correctly notes that, if he could not have discovered the facts supporting this claim through the exercise of due diligence until 2005, his claim is not time-barred under §

The Court finds that Smith has not satisfied § 2255(f)(4). Section 2255(f)(4) states that the date on which the one-year statute of limitations for filing a petition pursuant § 2255 begins to run is "the date on which the facts supporting the claim or claims could have been discovered through the exercise of diligence." As the Supreme Court stated in *Johnson v. United States*, 544 U.S. 295, 308 (2005), "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction . . . ." As this Court has stated, "due diligence requires the Petitioner to pursue his rights." *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (O'Malley, J.).

The fact Smith advances in support of the ineffective assistance of counsel claim – that Luther told him he never intended to testify against Smith – could have been discovered at any time since Smith's guilty plea was entered in 1998. Smith, however, does not even allege that he did anything for seven years with respect to questioning his guilty plea. Therefore, the question is whether, despite the fact that he did not discover this predicate fact between 1998 and 2005, diligence did not require him to take any action whatsoever during that seven year period. Smith argues that he would not have entered a guilty plea but for his counsel's representation that Luther intended to testify against him. This argument reveals that Smith immediately understood the importance of Luther's intentions. Under the circumstances of this case, he could have taken affirmative steps in an effort to verify that Luther intended to testify against him in numerous ways through multiple channels – *e.g.*, through correspondence with the Court, the government, or Luther himself. Instead, Smith did nothing. Accordingly, Smith did not exercise diligence as required by § 2255(f)(4) and that trigger does not apply in this case. *Cf. McIntosh v. Hudson*, No. 07cv2583,

---

2255(f)(4).

2008 WL 4758695, at *9 (N.D. Ohio 2008) (finding that petitioner did not exercise due diligence when he failed to take <u>any</u> action for over a year in discovering his right to appeal).

Smith's petition is time-barred pursuant to 28 U.S.C. § 2255(f)(1).

## III. <u>CONCLUSION</u>

For the foregoing reasons, Smith's Motion (Doc. 8) is **<u>DENIED</u>** and his case is **<u>DISMISSED</u>**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. Further, the Court will not issue a certificate of appealability in this case because Smith has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                      <u>s/Kathleen M. O'Malley</u>
                                      **KATHLEEN McDONALD O'MALLEY**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated: June 4, 2009**